UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS GUERRA, | No. C04-1010L |
| Plaintiff, | |
| v. | ORDER REGARDING EFFECT OF FRAUDULENT CONCEALMENT |
| ARCTIC STORM, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on "Plaintiff's Motion for a Declaration That Fraudulent Concealment Does Not Defeat His Claim for Unseaworthiness and Jones Act Negligence." Although the procedural basis of plaintiff's motion is unclear,[1] he seeks a legal determination of whether fraudulent concealment is a legitimate defense against plaintiff's Jones Act and unseaworthiness claims.

Fraudulent concealment of a material fact is not a bar to Jones Act or

---

[1] In his reply, plaintiff argues that the motion is akin to a motion for judgment on the pleadings (Fed. R. Civ. P. 12(c)), a motion to strike (Fed. R. Civ. P. 12(f)), and/or a motion for summary judgment (Fed. R. Civ. P. 56(c)). Motions for judgment under Rules 12(c) and 56(c) are appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment on the pleadings or the facts presented. Plaintiff has made no attempt to establish that the facts of this case are undisputed or that he is entitled to judgment on any part of his claim. To the extent plaintiff seeks to strike defendants' affirmative defense of fraudulent concealment under Rule 12(f), his motion is untimely.

ORDER REGARDING EFFECT OF
FRAUDULENT CONCEALMENT

unseaworthiness claims. <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 989 (9th Cir. 1987) (Jones Act claim); <u>Compton v. Luckenback Overseas Corp.</u>, 425 F.2d 1130, 1133 (2nd Cir. 1970) (unseaworthiness claim). Such concealment does not alter the fact that plaintiff is a seaman and is therefore entitled to sue under both theories. That is not to say that evidence of fraudulent concealment is irrelevant, however. Both the Jones Act and the doctrine of unseaworthiness contain causation elements and defendant would be entitled to submit evidence tending to show that plaintiff's injury was caused by the pre-existing condition rather than the employer's negligence or the condition of the vessel.

For all of the foregoing reasons, plaintiff's motion for declaratory relief is GRANTED in part and DENIED in part. Although fraudulent concealment does not automatically defeat plaintiff's Jones Act and unseaworthiness claims, it is relevant to the issue of causation and could ultimately defeat plaintiff's attempts to establish liability.

DATED this 28th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING EFFECT OF
FRAUDULENT CONCEALMENT            -2-